

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2004

# Pe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3906

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Pe v. Atty Gen USA" (2004). *2004 Decisions.* Paper 97.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/97

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-3906

_____

NOEL VENTURA PE,
                                    Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,
                                    Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A73-478-141

_____

Submitted Under Third Circuit LAR 34.1(a)
December 6, 2004

Before:  RENDELL, FISHER and YOHN*, <u>Circuit</u> <u>Judges</u>.

(Filed:   December 7, 2004)

_____

OPINION OF THE COURT

_____


_____

    *  Hon. William H. Yohn, Senior Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Noel Pe petitioned this Court for review of the Attorney General's denial of his claims for asylum, relief from removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction arises under 8 U.S.C. § 1252(a). We will deny the petition for review.

I.

Pe is a native and citizen of the Philippines who entered the United States without inspection on or about October 11, 1998. He was placed in removal proceedings where he conceded deportability, but claimed eligibility for asylum and requested withholding of removal as well as relief under the CAT because of persecution in his home country on account of his imputed political beliefs.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. At a hearing before the Immigration Judge ("IJ"), Pe claimed he experienced difficulties in his home country because of his efforts to expose the operations of a criminal syndicate whose members included high ranking officials in the Philippine government.

In February 1998, Pe was engaged in selling cars in his home town of Puerto Princesa for Jude Estrada ("Estrada"), the son of the then Philippines presidential candidate Joseph Estrada. After selling two cars, Pe saw a television report exposing a stolen car syndicate involving Estrada which made Pe suspicious that the cars he was

2

selling were stolen.  Pe met with Estrada in Manila where his suspicions were confirmed. Estrada asked Pe to leave Puerto Princesa until after the presidential election.  However, Pe returned to the city and began to inform people about the syndicate and that the cars he had sold them were stolen.  Soon after his return to Puerto Princesa, Pe began to receive phone calls threatening his life if he did not stop telling people about the cars.  After Joseph Estrada's inauguration as President of the Philippines in June 1998,[1] Pe fled to Manila and went into hiding with his family, but continued to receive threatening phone calls.  In July 1998, after discovering that police had ransacked his room, Pe believed that he had no choice but to leave the Philippines for fear of his life.

## II.

The IJ found that Pe was credible and that Pe had established his eligibility for asylum.  Although Pe's persecution was a result of a desire to protect a criminal conspiracy, the IJ found that the identity of the leaders of this conspiracy added a political dimension to Pe's persecution.  This, the IJ believed, was sufficient to find that Pe's

---

[1]     President Estrada was removed from office on January 20, 2001.  See Maria Ressa, Arroyo Sworn in as President of Philippines (Jan. 21, 2001), at http://archives.cnn.com/2001/ASIANOW/southeast/01/20/philippines.estrada.02/. Former President Estrada was brought to trial for charges that he plundered approximately $78 million in bribes and embezzled funds during his 31 months in office. Defiant Estrada Appears in Court (Oct. 1, 2001), at http://edition.cnn.com/2001/WORLD/asiapcf/southeast/10/01/phil.estrada/index.html. Estrada's corruption trial is currently ongoing.  See Joel Francis Guinto, Prosecution, Defense Clash in Estrada Plunder Trial (Oct. 27, 2004), at http://news.inq7.net/breaking/index.php?index=1&story_id=16265.

persecution was a result of a political opinion imputed to him and qualifying him as a refugee under 8 C.F.R. § 208.13(b)(2).

The government appealed to the Board of Immigration Appeals ("BIA"). On appeal, the BIA upheld the IJ's determination of Pe's credibility and his account of the events that lead to his asylum application. The BIA noted, however, that Pe's political opinion was not the basis for the actions taken against him. Pe's treatment "stemmed from his involvement with a criminal syndicate which happened to be led by political notables." Pe's claim for asylum could not, therefore, be established because the adverse treatment he received was unrelated to one of the five established grounds for refugee status under 8 U.S.C. § 1101(a)(42)(A). The BIA sustained the appeal and reversed the IJ's decision, ordering Pe deported from the United States.

Pe then filed a petition for review with this Court alleging that the BIA erred in finding that Pe was not eligible for asylum because Pe's persecution was a result of an imputed political opinion.

### III.

Because the BIA issued its own decision, we review the decision of the BIA, and not that of the IJ. Awolesi v. Ashcroft, 341 F.3d 227, 231 (3d Cir. 2003); Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). We must uphold the BIA's decision if it is supported by substantial evidence in the record, sustaining that decision "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft,

4

333 F.3d 463, 471 (3d Cir.2003) (quoting <u>Abdille v. Ashcroft</u>, 242 F.3d 477, 483-84 (3d Cir. 2001)).

IV.

To qualify for a grant of asylum, Pe must prove that he meets the statutory definition of a refugee, <u>i.e.</u>, that he is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). This requires Pe to present evidence that the harm inflicted upon him was motivated because of his actual or imputed political opinion. <u>See Amanfi v. Ashcroft</u>, 328 F.3d 719, 728 (3d Cir. 2003). As the Supreme Court noted, "[t]he ordinary meaning of the phrase 'persecution on account of . . . political opinion' in § 101(a)(42) is persecution on account of the victim's political opinion, not the persecutor's.'" <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 482 (1992). The fact that Pe's persecutors appeared to have a generalized political motive underlying their actions is not sufficient to establish Pe's fear of persecution "<u>on account</u> of [his] political opinion, as § 101(a)(42) requires." <u>Id.</u> (emphasis in original).

The record in this case provides sufficient evidence to support the BIA's conclusion that Pe was not persecuted on account of his political opinions. Pe was assisting in the political campaign of Joseph Estrada and his political opinion was in favor of Estrada's candidacy. By his own admissions, Pe's decision to disclose the activities of

5

the syndicate were motivated by his own honesty rather than any political opposition to Joseph Estrada.  Because Pe's claim was based on a fear of retribution over a personal matter rather than on expression of his political opinion, asylum could not be granted on this basis.  See Molina-Morales v. INS, 237 F.3d 1048, 1052 (9th Cir. 2001).

V.

For the foregoing reasons, we will DENY the petition for review of the decision of the Board of Immigration Appeals.